UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ALAN NAHIGIAN,

                Plaintiff,

   -against-

MICHAEL EVAN SACHS, and
SPRINGER SCIENCE+BUSINESS MEDIA, INC.,

                Defendants.
------------------------------------------------------------x

**JUDGE SWAIN**

**07 CIV 7093**

COMPLAINT AND JURY DEMAND



RECEIVED
AUG 09 2007
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, by his attorney, JOEL A. SIEGEL, as and for his Complaint against defendants, alleges as follows:

### JURISDICTION AND VENUE

1. The claims herein arise under the copyright laws of the United States (17 U.S.C. §101 et seq.), and New York common law. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331, 1338(a) & 1367(a).

2. Venue in the United States District Court for the Southern District of New York is proper by virtue of 28 U.S.C. §§1391(b)(1), (2) & 1400(a).

### THE PARTIES

3. Plaintiff, at all times, was and is a professional commercial visual artist who is domiciled at 33-08 31st Avenue, Long Island City, New York 11106

4. Upon information and belief, defendant, Michael Evan Sachs ("Sachs"), is a medical doctor, whose principal place of business is located at 128 Central Park South, New York, New York 10019.

5. Upon information and belief, defendant, Springer Science+Business Media, Inc. ("Springer") is a publisher, and a foreign corporation, with a principal place of business located at 233 Spring Street, New York, New York 10013.

## FACTS OF THE CASE

6. During the period from on or about 1989 to on or about 2001, plaintiff authored illustrations depicting reconstruction of a human nose (the "illustrations").

7. Plaintiff is the author, creator, and owner of the illustrations.

8. The illustrations are registered at the Library of Congress with the United States Register of Copyrights (VAu 542-210).

9. Plaintiff's illustrations have been used and reproduced by defendants in the book entitled *Mastering Revisions Rhinoplasty*, by Sachs, and published by Springer.

10. Defendants' use and reproduction of plaintiff's illustrations has been, and is being, made without plaintiff's permission, license, or authority.

11. Defendants' misappropriation, use, and reproduction of plaintiff's illustrations is to promote defendants' business interests.

12. The illustrations are copyrightable subject matter under the laws of the United States, and plaintiff is the sole owner of all right, title and interest in the illustrations. This action is authorized under §411 of the Unites States Copyright Act (17 U.S.C. §101 et seq.).

13. At all times relevant to this action, defendants knew or should have known that they had no right or authority to use, copy, reproduce, or publish plaintiff's illustrations.

14. On November 3, 2006, plaintiff notified defendants that they did not have the right, permission, authority, or license to use or reproduce the illustrations. In the November 3, 2006, notice, plaintiff demanded that defendants cease and desist from further use and reproduction of the illustrations.

15. Despite said notice, defendants continue to use and reproduce plaintiff's illustrations, and continue to infringe plaintiff's copyrights to plaintiff's damage.

16. Defendant's knowing and intentional use and reproduction of plaintiff's illustrations, as indicated, constitutes violation of §106A of the Copyright Act. As copyright infringers, defendants are liable for the respective acts of infringement.

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS

17. The allegations of paragraphs 1 through 16 above are incorporated herein as if set forth in full.

18. Based on the foregoing, plaintiff sets forth a cause of action against defendants for Infringement of Copyright.

WHEREFORE, plaintiff demands judgment against defendants as follows:

A. That defendants be held to have infringed plaintiff's respective copyrights in the illustrations;

B. That the Court find a substantial likelihood that defendants will continue to infringe plaintiff's copyrights in the illustrations unless enjoined from doing so;

C. That defendants, and their directors and officers and members, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be enjoined from directly or indirectly infringing plaintiff's copyrights in the illustrations, or continuing to use, market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any works derived or copied from the illustrations, or to participate or assist in any such activity;

D. That defendants, their directors and officers and members, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be enjoined to return to plaintiff any and all originals, copies, facsimiles, duplicates, or computer files of the illustrations in their possession;

E. That defendants, their directors and officers and members, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be enjoined to recall from all

distributors, wholesalers, jobbers, dealers, retailers, and all others known to defendants, any originals, copies, facsimiles, reproductions, duplicates, or computer files of any works shown by the evidence to infringe plaintiff's copyrights in the illustrations;

F. That defendants be enjoined to deliver upon oath, for destruction pursuant to judgment herein, all originals, copies, reproductions, facsimiles, duplicates, and computer files of any works shown by the evidence to infringe plaintiff's copyrights in the illustrations;

G. That judgment be entered for plaintiff and against defendants for plaintiff's damages according to proof, and for additional profits attributable to infringements of plaintiff's copyrights, in accordance with proof;

H. That judgment be entered for plaintiff and against defendants for statutory damages based upon defendants' willful acts of infringement, pursuant to the Copyright Act of 1976, 17 U.S.C. §101 et seq.;

I. That defendants be required to account for all gains, profits, and advantages derived from their acts of infringement and their violations of law;

J. That all gains, profits and advantages derived by defendants from their acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of plaintiff;

K. That plaintiff have judgment against defendants for plaintiff's costs, disbursements, and attorney's fees as permitted by statute; and,

L. That the Court grant such other, further and different relief as the Court deems proper under the circumstances.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS

19. The allegations of paragraphs 1 through 18 above are incorporated herein as if set forth in full.

20. Plaintiff is the owner of the original illustrations, and he is entitled to possession of said original illustrations.

21. Upon information and belief, plaintiff's original illustrations are in the possession of one of the two defendants.

22. Despite demand to defendants by plaintiff for return of his original illustrations, defendants have failed and refused to return the original illustrations to plaintiff.

23. Based on the foregoing, plaintiff sets forth a cause of action against defendants for Conversion.

WHEREFORE, plaintiff demands judgment against defendants as follows:

A. Money damages for the value of the original illustrations, together with interest thereon, and the costs and disbursements of this action;

B. Directing defendants to return the original illustrations to plaintiff; and,

C. Awarding plaintiff such other and further relief as may be just and proper.

### THIRD CAUSE OF ACTION AGAINST DEFENDANT SACHS

24. The allegations of paragraphs 1 through 23 above are incorporated herein as if set forth in full.

25. Beginning in or about 1989, at defendant Sachs instance and request, plaintiff created the illustrations.

26. Sachs agreed to pay plaintiff a total of $55,000.00 to create the illustrations.

27. As he agreed to, plaintiff created the illustrations.

28. Sachs has paid plaintiff $26,300.00 toward the agreed-upon $55,000.00 fee. However, there is an outstanding balance of $18,700.00 due and owing to plaintiff by Sachs under the said agreement.

29. Despite numerous demands for payment by plaintiff, Sachs has failed and refused to pay the said outstanding balance due and owing to plaintiff.

30. Based on the foregoing, plaintiff sets forth a cause of action against defendant Michael Evan Sachs for Breach of Contract.

WHEREFORE, the plaintiff demands judgment against defendant Michael Evan Sachs as follows:

A. Money judgment in the amount of $18,700.00, with interest from 2001, plus the costs and disbursements of this action; and,

B. Awarding plaintiff such other and further relief as may be just and proper.

### JURY DEMAND

Plaintiff hereby demands a jury trial on all causes of action.

Dated: New York, New York
       August 9, 2007

>                    JOEL A. SIEGEL
>                    Attorney for Plaintiff
>                    70 Lafayette Street, 7th Floor
>                    New York, New York 10013-4000
>                    (212) 233-6900
>                    Fax: (212) 233-9713
>                    E-mail: jasnycesq@aol.com
>
>                    By: _____
>                    JOEL A. SIEGEL, ESQ. (JS-2974)